11th Court of Appeals
Eastland, Texas
Opinion
 
Billy Gene Littlepage
            Appellant
Vs.                  Nos. 11-03-00217-CR & 11-03-00218-CR -- Appeals from Palo Pinto County
State of Texas
            Appellee
 
            In Cause No. 11-03-00217-CR, the trial court convicted appellant, upon his open plea of
guilty, of indecency with a child and assessed his punishment at 20 years confinement. In Cause No.
11-03-00218-CR, the trial court convicted appellant, upon his open plea of guilty, of aggravated
sexual assault of a child and assessed his punishment at 40 years confinement. We affirm.
            In his first and second points of error, appellant complains that the trial court erred in
admonishing him on the laws for parole. Appellant pleaded guilty to sexually assaulting his eight-
year-old grandson. Because appellant pleaded guilty to indecency with a child and aggravated sexual
assault, he would not be eligible for parole until he had served one-half of his sentence. TEX.
GOV’T CODE ANN. § 508.145(d) (Vernon 2004); TEX. CODE CRIM. PRO. ANN. art. 42.12, §
3g(a)(1)(C) & (E) (Vernon Pamph. Supp. 2004 - 2005). Appellant specifically complains that the
trial court erred in failing to admonish him that “being eligible for parole does not mean he will
receive parole.” 
            When the trial court admonished appellant, it stated:
            The kinds of offenses that are alleged in these two indictments are called
aggravated or 3g offenses. Let me tell you and admonish you what a 3g offense is. 
It makes reference to a subsection 3g found in Article 42.12 of the Texas Code of
Criminal Procedure, where certain kinds of crimes are specified. And as to those
special kinds of crimes, there are special laws and rules that affect the eligibility to
be considered for parole if someone is punished by confinement in prison.
 
            It gets a little confusing, but we’re going to take our time and make sure you
understand all of the risks and ramifications of your pleas here today. 
            If someone is convicted of one of these kinds of offenses alleged against you
in these indictments, and they are sentenced to a term of confinement in prison, then
that person would not be eligible to be considered for parole until he or she had
served at least one-half of the amount of time assessed without regard to any good
time credits. 
 
The trial court went on to admonish appellant, “[Y]ou will not be eligible to be considered or ask
for parole until you have served at least one-half of the amount of punishment assessed.” The record
does not support appellant’s argument that the trial court failed to inform him of the effects of the
parole laws on his conviction. Appellant’s first and second points of error are overruled.
            In his third point of error, appellant contends that the trial court “violated the separation of
powers clause of the Texas Constitution by considering the application of the parole laws in
assessing sentence.” Appellant argues that the trial court assessed a sentence greater than was
appropriate because the trial court considered the effects of the parole laws. While the record shows
that the trial court carefully explained to appellant that he would not be eligible for parole until he
served one-half of his sentence, the record does not support appellant’s argument that the trial court
assessed a greater sentence because of the effects of the parole laws. Appellant’s third point of error
is overruled.
            The judgments of the trial court are affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
August 4, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Wright, J., and McCall, J.